IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKIE CAPPS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | C.A. No. __3:17-cv-00869__ |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Standard Insurance Company ("Standard"), for the purpose only of removing this case to the United States District Court for the Northern District of Texas, Dallas Division, states:

**1.   State Court Action.**  Plaintiff Vickie Capps ("Plaintiff") filed this action in the 160th District Court of Dallas County, Texas, Cause No. DC-17-01502, on February 7, 2017.  Plaintiff asserts claims against Standard for breach of contract, violations of the Texas Insurance Code and Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), breach of the covenant of good faith and fair dealing, and fraud based on the alleged improper denial of benefits under a group long-term disability ("LTD") insurance policy ("Policy") issued by Standard.

**2.   Diversity of Citizenship.**  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Specifically, Plaintiff was a citizen and resident of the state of Texas at the time this action was filed and remains a citizen and resident of Texas as of the date of this removal. [Petition, p. 1, ¶ 4.]  Standard is an Oregon corporation with its principal

office and place of business in Portland, Oregon. [*See* Declaration of Standard ("Declaration") attached hereto as Exhibit A, ¶ 2.] Accordingly, Standard was a citizen and resident of Oregon at the time this action was filed and remains a citizen and resident of Oregon as of the date of this removal. Accordingly, complete diversity of citizenship exists between Plaintiff, on the one hand, and Standard, on the other hand.

3. **Amount in Controversy.** The amount in controversy is also met. Based on the face of Plaintiff's Original Petition, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. While Plaintiff failed to comply with the requirements of Rule 47 of the Texas Rules of Civil Procedure with respect to her claim for relief, Plaintiff seeks, among other things, LTD benefits of $1,989.63 per month under the Policy, treble damages, punitive damages, and her attorneys' fees and costs. [Petition, pp. 3, 18-19.] Standard closed Plaintiff's claim for LTD benefits under the Policy on April 3, 2015 after having paid Plaintiff $31,451.86 in benefits. [Declaration, ¶ 5.] Accordingly, the total LTD benefits sought by Plaintiff through the time of removal total approximately $45,761.49 (23 months x $1,989.63). Thus, the amount in controversy is clearly satisfied based on Plaintiff's alleged contractual and extra-contractual damages sought on the face of her Original Petition, as she seeks more than $130,000 based on the trebling or her LTD benefit claim alone, plus unspecified additional damages and attorneys' fees. *See, e.g., Dow Agroscience L.L.C. v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003) (claim for $18,242.50, trebled under DTPA, plus attorneys' fees, meets the $75,000,00 jurisdictional threshold), *vacated on other grounds,* 544 U.S. 531 (2005); *St. Paul Reinsurance Co. v Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)

(potential liability under policy, penalties, statutory damages, punitive damages, and attorneys fees included in calculation of amount in controversy); *Graham v. Henegar*, 640 F.2d 732, 735-36 n.9 (5th Cir. 1981) (attorneys' fees must be included in calculating amount in controversy). As such, the amount in controversy is clearly met.

4.      **Removal is Proper.**  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and this action is between citizens of different states.  Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441.  In addition, removal is timely under 28 U.S.C. § 1446(b) as Standard was served with process on February 27, 2017, which was the first time that Standard received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.

5.      **State Court Documents Attached.**  Pursuant to the Federal Rules of Civil Procedure and Local Rule 81.1(a)(4)(A), a certified copy of the state court docket sheet and all documents filed in the state court action and arranged in chronological order, are attached as Exhibit B, Index of State Court Filed Documents.  These documents constitute the only pleadings, process, or orders filed in the state court or received by Standard.  Finally, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

## RELIEF REQUESTED

Standard requests that the United States District Court for the Northern District of Texas, Dallas Division, accept this Notice of Removal and that it assume jurisdiction of this cause and grant such other and further relief as may be necessary.

Dated:  March 28, 2017                    Respectfully submitted,


By:  */s/ Ryan K. McComber*
    Ryan K. McComber
    State Bar No. 24041428
    ryan.mccomber@figdav.com
    Roshanak Khosravighasemabadi
    State Bar No. 24048587
    rosh.khosravi@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY


## CERTIFICATE OF SERVICE

    I certify that the following parties have been served via certified mail, return receipt requested, on this the 28th day of March, 2017:

Marc S. Whitehead                    Via CM/RRR
marc@marcwhitehead.com
J. Anthony Vessel
Anthony@marcwhitehead.com
Britney Anne Heath McDonald
Britney@marcwhitehead.com
Marc Whitehead & Associates,
Attorneys at Law, L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas  77007


     */s/ Ryan K. McComber*
    Ryan K. McComber