IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKIE CAPPS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | C.A. No. _3:17-cv-00869_ |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## EXHIBIT B - INDEX OF STATE COURT DOCUMENTS

1.  Copy of the Civil Docket Sheet;

2.  Plaintiff's Original Petition Request for Disclosure and Jury Demand; filed 02/07/2017;

3.  Citation to Standard Insurance Company, issued 02/08/2017;

4.  Defendant's Original Answer, filed 03/10/2017.

Exhibit

B

Respectfully submitted,


By: _/s/ Ryan K. McComber_
      Ryan K. McComber
      State Bar No. 24041428
      ryan.mccomber@figdav.com
      Roshanak Khosravighasemabadi
      State Bar No. 24048587
      rosh.khosravi@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
Tel:  (214) 939-2000
Fax:  (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY


## CERTIFICATE OF SERVICE

    I certify that the following parties have been served via certified mail, return receipt requested, on this the 28th day of March, 2017:

| | |
|---|---|
| Marc S. Whitehead | Via CM/RRR |
| marc@marcwhitehead.com | |
| J. Anthony Vessel | |
| Anthony@marcwhitehead.com | |
| Britney Anne Heath McDonald | |
| Britney@marcwhitehead.com | |
| Marc Whitehead & Associates, | |
| Attorneys at Law, L.L.P. | |
| 5300 Memorial Drive, Suite 725 | |
| Houston, Texas  77007 | |


                         /s/ _Ryan K. McComber_
                         Ryan K. McComber

## Case Information

DC-17-01502 | VICKIE CAPPS vs. STANDARD INSURANCE COMPANY

| Case Number | Court | File Date |
|---|---|---|
| DC-17-01502 | 160th District Court | 02/07/2017 |

| Case Type | Case Status | |
|---|---|---|
| INSURANCE | OPEN | |

## Party

PLAINTIFF
CAPPS, VICKIE

Active Attorneys ▼
Lead Attorney
WHITEHEAD, MARC
STANLEY
Retained

Work Phone
713-228-8888

Fax Phone
713-225-0940

DEFENDANT
STANDARD INSURANCE COMPANY

Address
BY SERVING REGISTERED AGENT: CT CORPORATION SYSTEM
1999 BRYAN STREET
SUITE 900
DALLAS TX 75201-3136

Active Attorneys ▼
Lead Attorney
MCCOMBER, RYAN
Retained

Work Phone
214-939-2000

1

Fax Phone
214-939-2090

Attorney
KHOSRAVIGHASEMABADI,
ROSHANAK
Retained

Work Phone
214-939-2000

Fax Phone
214-909-2090

## Events and Hearings

02/07/2017 NEW CASE FILED (OCA) - CIVIL

02/07/2017 ORIGINAL PETITION ▾

Complaint.pdf

02/07/2017 ISSUE CITATION

02/08/2017 NOTE - CLERKS ▾

Comment
FORWARDED REQUEST TO DOCUMENT PRODUCTION. -DTH

02/08/2017 CITATION ISSUED ▾

DC1701502.pdf

02/08/2017 CITATION ▾

Anticipated Server
ESERVE

Anticipated Method

Comment

ESERVE KK

03/10/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

Original Answer.pdf

## Financial

CAPPS, VICKIE

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $295.00 |
| | Total Payments and Credits | | | $295.00 |
| 2/8/2017 | Transaction Assessment | | | $295.00 |
| 2/8/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 7832-2017-DCLK | CAPPS, VICKIE | ($295.00) |

## Documents

Complaint.pdf

DC1701502.pdf

Original Answer.pdf

FILED
DALLAS COUNTY
2/7/2017 12:07:06 PM
FELICIA PITRE
DISTRICT CLERK
David Hernandez

DC-17-01502

**No.**_____

| | | |
|---|---|---|
| VICKIE CAPPS | § | IN THE DISTRICT COURT |
|    Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| STANDARD INSURANCE COMPANY | § | |
|    Defendant. | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION
### REQUEST FOR DISCLOSURE and JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

     1.    NOW COMES VICKIE CAPPS, hereinafter referred to as "Plaintiff", and brings this action against STANDARD INSURANCE COMPANY, hereinafter referred to as "Defendant."

     2.    Plaintiff brings this action to secure all disability benefits, whether they be described as short term and/or long term, or life waiver premium benefits to which Plaintiff is entitled under the disability insurance policy underwritten and administered by Defendant.

     3.    Defendant has underwritten and administered the policy and has issued a denial of the benefits claimed under the policy by the Plaintiff.  The policy at issue can be identified as Policy Number 641747 for long term disability and waiver of premium.

### I. PARTIES

     4.    Plaintiff is a citizen and resident of Dallas County, Texas.

1

**2**

5.     Defendant is a properly organized business entity doing business in the State of Texas. Defendant may be served with process by serving its registered agent, C T Corporation System, addressed at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II. JURISDICTION AND VENUE

6.     This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction. Specifically, the Plaintiff is a resident of the State of Texas and Defendant, a foreign corporation, is authorized to do business in the State of Texas.

7.     The disability policy at issue in the case was issued in the State of Texas

## III. THE CLAIM ON THE POLICY

8.     Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective January 2, 2002.

9.     Plaintiff is a 60 year old woman previously employed as a "Preschool Teacher".

10.     Preschool Teacher is classified under the Dictionary of Occupational Titles as Light with an SVP of 7 and considered to be skilled work.

11.     Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on February 15, 2013, as on this date Plaintiff sustained injuries to her right knee from a fall that were diagnosed to be a torn meniscus and subsequently underwent surgery on February 28, 2013.

12.     Plaintiff alleges that she became disabled on February 16, 2013.

2

13.     Plaintiff filed for short term disability benefits with Defendant.

14      Short term disability benefits were *granted*.

15.     Plaintiff filed for long term disability and waiver of premium benefits through the plan administered by the Defendant.

16.     Defendant initially granted Plaintiff's request for long term disability benefits under the Plan.

17.     Subsequently, Defendant denied further long term disability benefits under the Plan pursuant to a letter to Plaintiff dated April 3, 2015. Said letter allowed Plaintiff 180 days to appeal this decision.

18.     At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation".

19.     If granted the plan would pay monthly benefits of $1,989.63.

20.     Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

21.     Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

22.     Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

23.     On March 23, 2016, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability and waiver of premium benefits.

3

24.     Defendant also notified Plaintiff on March 23, 2016, that Plaintiff had exhausted her administrative remedies.

25.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

26.     Plaintiff has now exhausted her administrative remedies.

## IV. MEDICAL FACTS

27.     Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

28.     Plaintiff suffers from cerebral palsy, idiopathic peripheral autonomic neuropathy, benign essential hypertension, gastroesophageal reflux disease (GERD), degenerative joint disease involving multiple joints, chronic back pain, Vitamin D deficiency, urinary incontinence, depression, disorder of the carotid artery, peripheral arterial disease, severe osteoporosis of the right arm and shoulder, foraminal encroachment of the cervical spine, pain in the right knee, and severe osteoarthritis.

29.     Treating physicians document her disability and the continued pain that requires ongoing pain management.

30.     Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

31.     Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

32.     Plaintiff's treating physicians document these symptoms.   Plaintiff does

not assert that she suffers from said symptoms based solely on her own subjective allegations.

33.    Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

34.    However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

35.    Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

36.    Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

37.    The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

38.    As such, Plaintiff has been and remains disabled per the terms of the Policy and has sought disability benefits pursuant to said Policy.

39.    However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

## V. Defendant's Unfair Claims Handling Practices

40.    On or about September 10, 2013, Defendant's internal vocational consultant, Bob Black, BS, CDMS, CPDM, CRC, vocational case manager, performed a paper review of Plaintiff's claim file.   Mr. Black is an in-house employee for Liberty

5

Mutual and has been for 13 ½ years.  This report is not independent.  He used a SkillTRANS job description rather than a DOT which is industry standard.  Additionally, he issued his report without using a job description therefore his evaluation was made with assumptions.

41.    On or about March 12, 2014, Defendant's internal vocational consultant, Kim Korn, vocational case manager, performed a paper review of Plaintiff's claim file. Korn erred in her report by reporting that claimant stopped working due to her right knee rather than including the diagnosis of Cerebral Palsy.  Korn also included past work experience from 2005 which is 8 years after she became a Pre-K teacher, therefore should not be included.  Also when claimant worked as a administrative assistant in 2005, she took dictation.  That is a lost art in 2013.

42.    On or about March 3, 2015, Defendant's internal vocational consultant, Brian Petersen, BA, M.S.Ed., CRC, vocational case manager, performed a paper review of Plaintiff's claim file.  Mr. Peterson did not have an accurate job description while he made his vocational assessment.  He used a School Secretary as a job claimant could perform.  Claimant has not worked as an administrative assistant since 2005.  This is in excess of 8 years and should not be used.

43.    On or about January 17, 2014, Defendant's paid consultant, Joseph Mandiberg, M.D., orthopedic surgery, performed a paper review of Plaintiff's claim file.

44.    Dr. Mandiberg's report is misleading, biased and result driven in that the doctor failed to review all relevant medical records, the report ignores or is contrary to controlling medical authority such as Center for Disease Control.   The report fails to

specify the medical standard upon which it relies. The report is based on faulty or incorrect information

45.     Further, Dr. Mandiberg failed to consider all the claimant's illnesses. The doctor failed to consider all the claimant's illnesses in combination. The report is conclusory and results driven, as demonstrated by the fact that the report cherry-picks the information by overemphasizing information that supports the insurer's position and de-emphasizing information that supports disability and the report does not consider the standard of disability specified in the policy.

46.     On or about February 4, 2015, Defendant's paid consultant, Esther Gwinnell, M.D., psychiatry, performed a paper review of Plaintiff's claim file.

47.     On or about March 3, 2015, Defendant's paid consultant, Steven Beeson, M.D., internal medicine, also performed a paper review of Plaintiff's claim file.

48.     Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on biased reports from Drs. Gwinnell and Beeson. Defendant in bad faith, relies on non-treating physicians, who have not conducted physical examinations of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

49.     Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

50.     Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

51.     Defendant has failed to apply proper definition of disability.

7

52. Defendant's consultants completed their reports without examining Plaintiff.

53.     On March 23, 2016, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

54.     Defendant also notified Plaintiff on March 23, 2016 that Plaintiff had exhausted her administrative remedies.

55.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers

56.     At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

57.      Defendant's determination was influenced by its conflict of interest.

58.     Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

59.     The LTD plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

60.     A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

61.     More information promotes accurate claims assessment,

62.     Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

63.     Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

64.     Plaintiff repeats and re-alleges paragraphs 1 through 63 of this Petition as if set forth herein.

65.     Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

66.     Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservations of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plan.

67.     In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plan.

68.     Defendant stopped paying benefits to Plaintiff under the Plan, despite the fact that Plaintiff was totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow.

69.     Defendant breached the Plan when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in the Plan.  Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

70.     Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

71.     As a result of Defendant's breach, Plaintiff suffered financial hardship.

9

72.     By reason of the foregoing, Defendant is liable to Plaintiff for damages.

## VII. SECOND CAUSE OF ACTION:

### Violations of Texas Insurance Code & DTPA

73.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 72 of this Petition as if fully set forth herein.

74.     Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

    (a)    Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

    (b)    Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

    (c)    Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in The Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(d)     Insurance Code Article § 541.061 by misrepresenting The Policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e)     Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f)     Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g)     Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed

(h)     Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

11

(i)     Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(j)     Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious;

(k)     Defendant failed to furnish Plaintiff a Full and Fair Review;

(l)     Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(m)    Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n)     Defendant failed to credit Plaintiff's treating doctor's opinion;

(o)     Defendant has wrongfully terminated Plaintiff's LTD benefits without evidence of improvement;

(p)     Defendant's request for objective evidence was improper;

(q)     Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(r)     Defendant failed to consider the side effects of Plaintiff's medications;

(s)     Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(t)     Defendant failed to give Plaintiff an opportunity to respond to new evidence;

12

(u)     Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(v)     Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(w)     Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

75.     Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

76.     Plaintiff repeats and realleges paragraphs 1 through 75 of this Petition as if set forth herein.

77.     By selling the insurance policy to Plaintiff and by collecting substantial premiums therefore, Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

78.     The Plan contains an implied promise that it would deal fairly and in good faith with Plaintiff and would do nothing to injure, frustrate, or interfere with Plaintiff's rights to receive benefits und the Plan.

79.     Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

(a)     By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such

13

benefits;

(b)   By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

(c)   By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

(d)   By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations from Plaintiff's treating physician;

(d)   By misrepresenting Plan coverage, conditions, exclusions, and other provisions;

(f)   By interpreting the definition of disability contained in the Plan contrary to the plain language of the Policy and in an unreasonable, arbitrary, and capricious manner;

(g)   By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

(h)   By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plan.

80.   By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional duress, mental anguish, and pain and suffering which exacerbated her depression and anxiety.

81.   The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

82.   Defendant's actions directed at Plaintiff are part of a pattern of similar

14

conduct directed at the public generally.

83.     Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

84.     Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

85.     By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

86.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 85 of this Petition as if fully set forth herein.

87.     Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## X.  FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

88.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 87 of this Petition as if fully set forth herein.

89.     Defendant failed to timely request from Plaintiff any additional items,

15

statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

90.     Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

91.     Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

92.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 91 of this Petition as if fully set forth herein.

93.     Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## XII. CAUSATION

94.     The conduct described in this petition was a producing and proximate cause of damages to Plaintiff.

## XIII. DECLARATORY RELIEF

95.     Pleading further, Plaintiff would show she is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code. Specifically, Plaintiff would show that she is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policy. TEX. CIV. PRACT. & REM.

16

CODE § 37.001.

96.    The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for LTD benefits to Defendant.  The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet The Policy's definition of "disabled".

97.    The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant.  Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et. seq. of the Texas Civil Practice and Remedies Code and declare the specific rights and statuses of the parties herein.  Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## IX.  ATTORNEYS FEES

98.    Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## X.  REQUEST FOR DISCLOSURE

**99.**    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XI.  JURY DEMAND

17

100.   In accordance with Federal Rule of Civil Procedure 38, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XII. KNOWLEDGE

101.   Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XIII. RESULTING LEGAL DAMAGES

102.   Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law.   These damages include the consequential damages to his/her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law.  In addition, Plaintiff is entitled to exemplary damages.

103.   As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

104.   Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

105.   Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

106.   Plaintiff is entitled to statutory interest on the amount of his claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

18

107.    Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practice & Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practice & Remedies Code section 37.009.

## XIV.  PRAYER

108.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that she is entitled to all past due short term and long term disability benefits and waiver of premiums benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits and waiver of premium benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

109.    Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorney fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and;

110.    Enter an award for such other relief as may be just and appropriate.

Dated: February 7, 2017

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.


By:      /s/ Marc Whitehead
         Marc S. Whitehead
              Tex. Bar No. 00785238
              Fed. I.D. Bar No. 15465
              marc@marcwhitehead.com
         J. Anthony Vessel
              Tex. Bar. No. 24084019
              Fed. I.D. No. 1692384
              anthony@marcwhitehead.com
         Britney Anne Heath McDonald
              Tex. Bar. No. 24083158
              Fed. I.D. Bar No. 2621983
              britney@marcwhitehead.com
         5300 Memorial Drive, Suite 725
         Houston, Texas 77007
         Telephone: 713-228-8888
         Facsimile: 713-225-0940
         ATTORNEY-IN-CHARGE
         FOR PLAINTIFF,
         VICKIE CAPPS

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**STANDARD INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VICKIE CAPPS**

Filed in said Court **7th day of February, 2017** against

**STANDARD INSURANCE COMPANY**

For Suit, said suit being numbered **DC-17-01502,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 8th day of February, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____/s/ Kerry Kallie_____, Deputy
       KERRY KALLIE

---

**ESERVE**

CITATION

DC-17-01502

**VICKIE CAPPS**
**vs. STANDARD INSURANCE**
**COMPANY**

ISSUED THIS
**8th day of February, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KERRY KALLIE, Deputy

**Attorney for Plaintiff**
MARC STANLEY WHITEHEAD
MARC@MARCWHITEHEAD.COM
440 LOUISIANA
SUITE 675
HOUSTON          TX  77002
713-228-8888

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

3

## OFFICER'S RETURN

Case No. : DC-17-01502

Court No.160th District Court

Style: VICKIE CAPPS

  vs. STANDARD INSURANCE COMPANY

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

|                      |                |                                              |
|----------------------|----------------|----------------------------------------------|
| For serving Citation | $_____     | _____ |
| For mileage          | $_____     | of_____County,_____   |
| For Notary           | $_____     | By_____Deputy      |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
3/10/2017 9:53:04 AM
FELICIA PITRE
DISTRICT CLERK

NO. DC-17-01502

| | | |
|---|---|---|
| VICKIE CAPPS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| STANDARD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | 160TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Standard Insurance Company ("Standard") files its original answer to Plaintiff's Original Petition, and states:

1.    **General Denial.** Subject to such admissions and stipulations as may be made at or before time of trial, Standard denies generally and specially the material allegations in Plaintiff's Original Petition, pursuant to TEX. R. CIV. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

2.    **Relief Requested.** Standard requests the following relief:

(a)    That Plaintiff take nothing by reason of her suit;

(b)    That Standard be dismissed with its costs; and

(c)    That Standard have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

4

Dated:  March 9, 2017

Respectfully submitted,

By:  /s/ Ryan K. McComber
      Ryan K. McComber
      State Bar No. 24041428
      ryan.mccomber@figdav.com
      Roshanak Khosravighasemabadi
      State Bar No. 24048587
      rosh.khosravi@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served on the following counsel of record via electronic filing on March 10, 2017:

Marc S. Whitehead
marc@marcwhitehead.com
J. Anthony Vessel
Anthony@marcwhitehead.com
Britney Anne Heath McDonald
Britney@marcwhitehead.com
Marc Whitehead & Associates,
Attorneys at Law, L.L.P.
5300 Memorial Drive, Suite 725
Houston, Texas  77007

Via E-File:  Efile.TXCourts.gov

    /s/ Ryan K. McComber
    Ryan K. McComber